Decided 8 July, 1901.
                    **STATE. EX REL.** *v.* **STEELE.**
                            [65 Pac. 515.]

CONSTITUTION—LEGISLATIVE POWER—COUNTY COMMISSIONER.

1.   The legislature may in its discretion commit the care and transaction of county business to the county judge alone, or to a court composed of the judge and two commissioners, or to an independent board of three commissioners; and it may change a plan that it has adopted, and try one of the others at its pleasure.  The discretion is absolute and is inexhaustible, except that one of the three named methods must be used.

POWER TO LEGISLATE OUT AN ELECTED OFFICER.

2.   As state legislatures have all the power not expressly or impliedly withheld, and as the legislature of Oregon has power to change at will the constitution of the tribunal for the transaction of county business, it seems to naturally follow that the incumbent of an office that becomes superfluous by changes, may be dropped.  As the legislature has the power to change the tribunal, it may depose officials in office so as to make the new plan effective, without reference to whether such officials have been elected or appointed.

TENURE OF OFFICE OF COUNTY COMMISSIONER.

3.   A county commissioner is subject to removal by the legislature by changing his term of office or abolishing the office entirely—the fact that the office is elective does not put it beyond legislative control.

STATUTES—TITLE OF ACT.

4. The title of an act stating that its purpose is to repeal a certain act providing for a separate board for the transaction of county business in a certain county, and to provide for the appointment of two commissioners to sit with the county judge for the transaction of such business, is sufficient to embrace the removal of one of the members of the former board from office, where his removal is necessary to effectuate the purpose of the act.

From Multnomah : ARTHUR L. FRAZER, ALFRED F. SEARS, JR., JOHN B. CLELAND, and MELVIN C. GEORGE, Judges.

*Quo warranto* proceeding by the state, on relation of W. M. Cake, against W. B. Steele, to oust the latter from the office of county commissioner of Multnomah County. Prior to 1898, the court sitting for the transaction of county business in Multnomah County consisted of the county judge and two commissioners. In that year an act was passed providing for a separate board of three commissioners, consisting of the two incumbents, and the third to be appointed by the governor until the next election, the entire board to be elective, and the term of its members to be four years. Mr. Steele, the defendant, and Mr. Holbrook were the incumbents ; Steele having been elected in June, 1898, to a term of four years. Mr. Smith was appointed under the act as a third member of the board ; but in June, 1900, William Showers and J. G. Mack were elected, and superseded Holbrook and Smith. The legislative assembly, at its last biennial session, adopted an act "to repeal an act entitled 'An act to provide for a separate board for the transaction of county business in the County of Multnomah,' * * * and to provide for the appointment of two commissioners to sit with the county judge of Multnomah County for the transaction of county business, and to define the duties of the county court of Multnomah County for the transaction of county business." It contains an emergency clause, and was filed in the office of the secretary of state

March 1, 1901.   Section 1 repeals the former act *in toto*.
Section 2 provides "that, within ten days after the taking
effect of this act, the power and authority of the county
court of Multnomah County for the transaction of county
business shall be vested in and shall be exercised by
the county judge of Multnomah County, and William
Showers and J. G. Mack, as commissioners, who shall
sit with the county judge of Multnomah County for the
transaction of county business;  and that J. G. Mack
shall serve as commissioner until the next general elec-
tion, and until his successor is elected and qualified;
and that at the general election in 1902, and every four
years thereafter, there shall be elected [a] county com-
missioner to sit with the county judge of Multnomah
County for the transaction of county business;  and at
the general election in 1904, and every four years there-
after, there shall be elected a commissioner, to sit with
the county judge of Multnomah County for the trans-
action of county business."   Section 5 provides "that
the said county court as hereby constructed shall succeed
and take the place of the present board of county com-
missioners of Multnomah County for the transaction of
county business, and said board of county commissioners
of Multnomah County, as created by the act of 1898,
and approved October 15, 1898, is, and each of said board
are, hereby relieved, from and after the taking effect of
this act, of all the duties, responsibilities, and authori-
ties in respect to the transaction of county business."
Mr. Steele refused to relinquish the office, claiming that
he is the rightful incumbent, notwithstanding the act of
1901, and this proceeding by *quo warranto* was instituted
to oust him therefrom.   The judgment of the court below
being adverse to the defendant, he has prosecuted an
appeal to this court.                          AFFIRMED.

For·appellant there was an oral argument by *Messrs.
Martin L. Pipes* and *Alex Bernstein*, with a brief over the
names of *Pipes & Tifft* and *Bernstein & Cohen*, to this
effect :

When an election is provided by law, without express-
ing the manner of holding it, the presumption is that it
will be by the people : *State ex rel. v. Harrison*, 113 Ind.
434 (3 Am. St. Rep. 663); *State v. Irwin*, 5 Nev. 92 ; *Mc-
Gruder* v. *Swan*, 25 Md. 173 ; *People* v. *Bull*, 46 N. Y. 57
(7 Am. Rep. 302); *Conger·v. Gilmore*, 32 Cal. 75.

It is not a legitimate exercise of legislative power *to*
take from a constitutional officer the substance of his
office and transfer it to another : *Warner* v. *People*, 2
Denio, 273, 281 (43 Am. Dec. 740) ; *State* v. *Brunst*, 26
Wis. 412 (7 Am. Rep. 84); *King* v. *Hunter*, 65 N. C. 603
(6 Am. Rep. 754).

The identity of a body, or tribunal, or office does not
depend upon who are its members, but upon its ·duties
and jurisdiction ; and the offices are not abolished, nor
can the officers be removed : *Chapman* v. *County Com'rs*,
70 Me. 267 ; *Pulaski County* v. *Shields*, 130 Ind. 10; *State*
v. *Wiltz*, 11 La. Ann. 439 ; *State* v. *Baldwin*, 45 Conn. 135 ;
*People* v. *Raymond*, 37 N. Y. 428 ; *People* v. *Albertson*, 55
N. Y. 50 ; *State ex rel.* v. *Wrightson*, 58 N. J. Law, 50 ;
*Johnson* v. *State*, 59 N. J. Law, 535 (38 L. R. A. 373);
*Wood* v. *Bellamy*, 120 N. C. 212, 222 ; *Nolan* v. *State*, 118
Ala. 154.

· Removal from office is a judicial act, and can be exer-
·cised only by the courts : Const. Art. VII, § 19, and
Art. XV, § 2; *Andover* v. *King*, 77 Me. 231 ; *State* v.
*Pritchard*, 36 N. J. Law, 101; *Page* v. *Hardin*, 8 B.
Mon. 672 ; *Lowe* v. *Commissioners*, 3 Metc. (Ky.) 237 ;
*State* v. *Wiltz*, 11 La. Ann. 439 ; *State* v. *Draper*,·50 Mo.

353; *People* v. *Du Bois*, 23 Ill. 547; *State ex rel.* v. *Johnson*, 30 Fla. 433 (18 L. R. A. 410); *Dillon* v. *Wilson*, 53 Mich. 392 (51 Am. Rep. 128).

The act is invalid because it does not go into effect at any definite time, or its going into effect depends upon some authority outside of the legislature : Const. Art. I, § 21; *Dowling* v. *Lancashire Ins. Co.* 92 Wis. 63 (31 L. R. A. 112); *Field* v. *Clark*, 143 U. S. 692.

The power to create a board is not a general legislative power, but is a delegation of power to do a certain thing, and does not include the power to undo it : Const. Art. VII, § 12; *In re Clohert*, 2 Wash. 137 (27 Pac. 1089); *People* v. *Tool*, 85 Cal. 333.

It was a duty imposed upon the legislature to create a separate board when, in its judgment, public necessity demanded it; and, having performed that duty, its power is exhausted : Const. Art. VIII, §§ 10, 12, 15; *Bull* v. *Cenroe*, 13 Wis. 129; *Cline* v. *Greenwood*, 10 Or. 230.

For the state there was an oral argument by *Messrs. D. R. N. Blackburn*, Attorney-General, *Geo. E. Chamberlain*, District Attorney, and *Chas. H. Carey*, with a brief over the names of *D. R. N. Blackburn, Geo. E. Chamberlain, Carey & Mays*, and *John A. Logan*, to this effect :

*The Constitution a Limitation, not a Grant.*

The state constitution, so far as it relates to the legislature, is a limitation and not a grant of power, and the legislature may exercise any of the powers of sovereignty not prohibited : *State* v. *Compson*, 34 Or. 25; *People* v. *Wilson*, 15 Ill. 388; *Fletcher* v. *Peck*, 10 U. S. (6 Cranch) 88; *People* v. *St. R. R.* 15 Wend. 113, 133 (30 Am. Dec. 33, note); *Jordan* v. *People*, 19 Colo. 417; *People* v. *Coleman*, 4 Cal. 46 (60 Am. Dec. 581); *Hovey* v. *State*, 119 Ind. 395; *Purczell* v. *Schmidt*, 21 Iowa, 540; *Winchester* v. *Co-*

*rinna*, 55 Me. 9 ; *Page* v. *Allen*, 58 Pa. St. 338 (98 Am. Dec. 272); *Bushnell* v. *Beloit*, 10 Wis. 195 ; *State* v. *Moore*, 40 Neb. 854.

*The Act of One Legislature not Binding on Another.*

No legislature can fix any limit of power for future legislatures. The legislature of to-day can not pass a law that may not be repealed or amended to-morrow. Each legislature is supreme and independent : *Files* v. *Fuller*, 44 Ark. 273, 280 ; *Shaw* v. *City*, 21 Ga. 288 ; *Brightman* v. *Kerner*, 22 Wis. 53 ; *Galleland* v. *Schuyler*, 9 Kan. 387, 394 ; *Fletcher* v. *Peck*, 10 U. S. (6 Cranch) 125 ; Cooley, Const. Lim. (6 ed.) 146 ; *State* v. *Haworth*, 122 Ind. 462 (7 L. R. A. 420).

*Offices May be Abolished.*

Public offices, being created for the use of the public and not for the officer, the legislature may abolish the existing office, or shorten or lengthen the term, or increase or decrease the compensation : *Territory* v. *Pyle*, 1 Or. 149 (sheriff's office); *State ex rel.* v. *Simon*, 20 Or. 372 (city police commissioner); *Taft* v. *Adams*, 69 Mass. (3 Gray) 126 ; *Perkins* v. *Corbin*, 45 Ala. 103, 118 ; *People* v. *Loeffler*, 175 Ill. 604 ; *Field* v. *People*, 3 Ill. (2 Scam.) 79 ; *Butler* v. *Pennsylvania*, 51 U. S. (10 How.) 416 (canal commissioner); *Oldham* v. *Mayor*, 102 Ala. 364 (municipal officer); *State* v. *Wright*, 7 Ohio St. 334 (courts); *Opinion of Justices*, 117 Mass. 693 (register of probate); *In re Pennsylvania Hall*, 5 Pa. St. 209 (mayor's court); *State* v. *Lindsay*, 103 Tenn. 625 (circuit courts).

As to the distinction between the power of removal from office and the power to abolish the office, see *The Judges Cases*, 102 Tenn. 510 ; *State* v. *Baldwin*, 45 Conn. 134.

Where the constitution provides for special courts and leaves it to the legislature to establish them when the same may be necessary, leaving it also to the legislature

to decide upon the existence of the necessity both in regard to term and plan, that body may create and abolish such courts at will, and the officer has no right in the office which can not be taken away by subsequent legislation: *Territory* v. *Pyle*, 1 Or. 149 : Dillon, Mun. Corp. §§ 229, 254 ; Cooley, Const. Lim. 331 and notes (6 ed.); *Newton* v. *Commissioners*, 100 U. S. 559 ; *Ford* v. *Board of Com'rs*, 81 Cal. 19 ; *People* v. *Squires*, 14 Cal. 13 ; *Bryan* v. *Cottell*, 15 Iowa, 553 ; *Butler* v. *Pennsylvania*, 51 U. S. (10 How) 416 ; *State* v. *Baldwin*, 45 Conn. 134.

Mr. Justice Wolverton, after stating the facts, delivered the opinion of the court.

1. It is provided by the state constitution (Art. VII, § 11): "There shall be elected in each county, for the term of four years, a county judge, who shall hold the county court at times to be regulated by law ;" and (section 12) : "The county court shall have the jurisdiction pertaining to probate courts, and boards of county commissioners, and such other powers and duties, and such civil jurisdiction, not exceeding the amount or value of five hundred dollars, and such criminal jurisdiction, not extending to death or imprisonment in the penitentiary, as may be prescribed by law. But the legislative assembly may provide for the election of two commissioners, to sit with the county judge whilst transacting county business in any or all the counties, or may provide a separate board for transacting such business." A contention for defendant is that when the legislature of 1898 provided for the election of a separate board of commissioners it exhausted its power upon the subject, and could not thereafter change the construction of the tribunal for the transaction of county business ; but such is clearly not the intendment of the constitution. The county judge, who is authorized to hold the county court, has been

given, in the exercise of that authority, jurisdiction pertaining to boards of county commissioners, and the legislature may, if it is deemed expedient, leave the important function of transacting county business entirely with that functionary. But it may provide for the election of two commissioners to sit with the county judge in any or all of the counties, who would thereby share his responsibility, or it may provide a separate board for the transaction of such business. Thus, the legislature is given discretionary power of providing any one of three differently constituted tribunals for the transaction of county business, for one or more of the counties, without regard to uniformity of operation throughout the state. There is no limitation upon the power; the legislature is dependent for its exercise upon no condition or event; and there is no intention anywhere manifest of so circumscribing or restricting its ordinary power that when it has once acted in the premises it may not act again, even to the undoing of that which it has formerly established. The discretion is absolute and wholly unfettered, and hence we conclude that the legislature may exercise it at any time, with respect to any county, by adopting any one of the three methods that it may in its wisdom deem the exigencies of the case demand.

2. It is further insisted that whether the county judge alone is permitted to act and exercise the jurisdiction, or two commissioners are provided to act with him, or a separate board is established, the tribunal is, at all events, the same, although differently constructed, because the duties and functions are identical, which, it is urged, is the test of identity of the tribunal itself, and that the act of 1901 is tantamount to his removal from office, which the legislature was without adequate authority to do, the office being elective. The respondent combats the idea

of the identity of the tribunal, howsoever constructed. But it does not seem to us that it can make any difference in the present case what may be the nature of the tribunal in that regard. The legislature is authorized to provide either one of the three, and to change the structure at will from that of the county judge alone to one composed of the judge and two commissioners, or to that of a separate board, and *vice versa*, to suit its notions of the exigencies of the case; and with this goes the power to provide for the requisite number of commissioners, as well as so to dispose of those in office according as the nature of the tribunal selected may demand, and, if there is an excess of incumbents, to remove such as are not required. Were the constitution a grant of powers, it would carry with it such implied powers as are necessary and proper to subserve and carry into effect the purposes of the grant To quote from the celebrated opinion of Chief Justice MARSHALL in *McCulloch* v. *Maryland*, 17 U. S. (4 Wheat.) 316: "The powers of the government are limited, and its limits are not to be transcended. But the sound construction of the constitution must allow to the national legislature that discretion with respect to the means by which the powers it confers are to be carried into execution which will enable that body to perform the high duties assigned to it in the manner most beneficial to the people. Let the end be legitimate, let it be within the scope of the constitution, and all means which are appropriate, which are plainly adapted to that end, which are not prohibited, but consistent with the letter and spirit of the constitution, are constitutional." If this be so as it respects a grant of powers, with how much stronger reason does it apply to a constitution which is not a grant, but a limitation,—where the residuum of power is retained by the people, to be exercised through the legislature, except as limited and circumscribed by that

instrument. "The people, in framing the constitution," says Chief Justice DENIO, speaking of a state constitution, "committed to the legislature the whole lawmaking power of the state which they did not expressly or impliedly withhold. Plenary power in the legislature, for all purposes of civil government, is the rule. A prohibition to exercise a particular power is an exception.    *    *    *    The frame of the government, the grant of legislative power itself, the organization of the executive authority, the erection of the principal courts of justice, create implied limitations upon the lawmaking authority as strong as though a negative was expressed in each instance ; but independently of these restraints, express or implied, every subject within the scope of civil government is liable to be dealt with by the legislature" : *People* v. *Draper*, 15 N. Y. 532, 543.

The legislature, therefore, having been authorized, at its discretion, to adopt any one of these differently constructed tribunals for the transaction of the county business, and to change the same and substitute another at its will, has the requisite power to so dispose of the incumbents in office as to perfectly effectuate the change. Mr. Steele was relieved from office by the act, presumably because there was an excess of incumbents, and it became necessary in the reconstruction of the tribunal. The authority to do this springs out of the power to reconstruct. With the regularity of the tenure of Mack and Showers we having nothing to do, nor can we assume to probe the motives of the legislative assembly in relieving Mr. Steele, and reinvesting the county judge with his former jurisdiction. This latter is a matter wholly within legislative discretion, and the courts are precluded from inquiry or interference therewith.

3.   Although the office of county commissioner is one mentioned in the constitution, it is not such an office that the legislature may not shorten or enlarge the term, or even abolish it, in the process of changing the construction of the tribunal for the transaction of county business: *State ex rel.* v. *Hermann*, 11 Mo. App. 43 ; *Perkins* v. *Corbin*, 45 Ala. 103 (6 Am. Rep. 698); *Reals* v. *Smith*, 8 Wyo. 159 (56 Pac. 690).

4.   There is another contention, that the subject of Mr. Steele's removal from office is not embraced in the title of the act; and still another, that the act by its terms does not take effect upon the authority of the legislature.   Answering the first of these, it is apparent, from what has been said, that the relieving of Steele from office was germane to the purpose of the act, and hence was embraced in the title.   As it pertains to the latter, the effect of the legislation was to repeal the prior act, and the act of 1901 took effect concurrently with such repeal, and the power and authority of the newly-constructed board vested immediately, and it might have entered at once upon the exercise thereof.   These considerations are in affirmance of the judgment, and an order will be entered accordingly.        AFFIRMED.

---

Decided 4 May, 1901.